UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT TOWING AND SALVAGE CO., INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-131 C/W 11-175** <br> **REF: 11-131** |
| **M/V AMERICANA, her engines, tackle, and appurtenances, etc.,** *in rem* | **SECTION I** |

## ORDER

Before the Court is a motion to dismiss filed by plaintiff-intervenor, ATMS, Inc. ("ATMS").[1] An opposition has been submitted by defendants, Calmore Management Ltd., owner of the M/V AMERICANA ("AMERICANA"); Alfalfa Associates, Ltd., owner of the M/V DORIC GLORY ("DORIC GLORY"); Standard Shipping, Inc., owner of the vessel owning companies, and Stanships, Inc. (New York), agent (collectively "the vessel interests").[2]

### *BACKGROUND*

ATMS requests dismissal of the vessel interests' counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] ATMS originally argued that the counterclaim was facially implausible because it failed to allege sufficient facts supporting the breach of contract claims.[4] The vessel interests responded by filing a supplemental and amending complaint.[5] The amended complaint provided fourteen factual allegations to demonstrate that ATMS was responsible for negligently and/or intentionally mismanaging the AMERICANA and the DORIC GLORY.[6]

---

[1] R. Doc. No. 135.
[2] R. Doc. No. 142.
[3] R. Doc. No. 135.
[4] R. Doc. No. 135.
[5] R. Doc. No. 154. The vessel interest were granted leave to file this document on September 7, 2011. R. Doc. No. 153.
[6] R. Doc. No. 154.

1

ATMS did not file a new motion to dismiss to the amended complaint. Instead, it filed a reply memorandum reasserting its original arguments as well as the additional claim that it cannot be held liable with respect to conduct for which the vessel interest have accepted criminal responsibility.[7] In support of the latter contention, ATMS presented matters outside the pleadings by attaching a copy of the vessel interests' plea agreement with the government.[8]

## LAW & ANALYSIS

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay:*

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999);

---

[7] R. Doc. No. 157.
[8] R. Doc. No. 157, Ex. 1.

2

*Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan,* 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)).

A court has complete discretion pursuant to Rule 12(b)(6) whether to accept and consider any material beyond the pleadings. *Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 194 n. 3 (5th Cir. 1988); 2 James Wm. Moore, *Moore's Federal Practice* § 12.34, at 12-72 (3d ed. 2002). Further, "[t]he mere fact that the defendants include . . . [extrinsic] matters in their memoranda to the court in support of their motion does not mean that the court [will] consider[] this material in any way when making its decision." *Reid v. Hughes,* 578 F.2d 634, 636 & n. 2 (5th Cir. 1978). However, if the court decides to accept and consider these materials, the motion will be treated as one for summary judgment pursuant to the standard of Rule 56 of the *Federal Rules of Civil Procedure . See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 283 n. 7 (5th Cir. 1993).

In support of its motion to dismiss, ATMS presented matters outside the pleadings by attaching a copy of the vessel interests' plea agreement with the government. Given the limited and incomplete record with respect to ATMS's claims, the Court declines the opportunity to convert the motion to dismiss into a motion for summary judgment. Accordingly,

**IT IS ORDERED** that ATMS's motion to dismiss pursuant to Rule 12(b)(6) is **DENIED.**

New Orleans, Louisiana, October 6, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE