UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRESCENT TOWING & SALVAGE CO., INC. ET AL. | CIVIL ACTION |
| | NO. 11-131 c/w 11-175 |
| VERSUS | (PERTAINS TO NO. 11-131) |
| M/V AMERICANA, her engines, tackle, and appurtenances, etc., in rem | SECTION "I" (2) |

**ORDER ON MOTION**

APPEARANCES: None (on the briefs)

MOTION: Motion of Plaintiff-Intervenor, Buck Kreihs Marine Repair, L.L.C., for Leave to File Second Supplemental and Amended Verified Complaint, Record Doc. No. 200

O R D E R E D:

 XXX : GRANTED.  The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend.  Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.  Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic."  Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).  Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

  Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling, 234 F.3d at 873 (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" In Re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)) (footnote omitted).

  Weighing the foregoing factors in this instance, I find that the motion should be granted. The presiding district judge has already permitted the filing of this motion to amend at this time, Record Doc. No. 197, so that I cannot find undue delay, dilatory motive or bad faith. There has been no repeated failure to cure pleading deficiencies through prior amendments. There is no prejudice to the opposing parties' ability to defend against the amendment. I cannot conclude on the current record that the amendment is futile. This is the only basis for the asserted opposition. I am not convinced by the opponent's arguments in this regard, particularly given the peculiar factual circumstances, which are significantly different from those involved in the cited cases, giving rise to the movant's amended claims. It appears that more than a mere trespass is involved in these circumstances, which extend to significant matters of public interest and safety. Ranking of the competing parties' claims should not be undertaken off-handedly under the Rule 15 standard, but dispositively on a complete record, which permitting this amendment will accomplish.

  New Orleans, Louisiana, this ___23rd___ day of November, 2011.

            JOSEPH C. WILKINSON, JR.
            UNITED STATES MAGISTRATE JUDGE